Turley, J.
delivered the opinion of tho court.
This is a writ at the instance of the State against the defendant for hawking and peddling goods in the county of Sevier, without having paid the tax required by law for the exercise of this privilege.
*37 The suit is commenced by warrant, which was issued at the instance of the Clerk of the County Court of Sevier, and is in the words and figures following, viz:
“State of Tennessee, Sevier County — To any lawful officer of said county, Greeting. On information of P.'H. Toonney, Clerk of the County Court of said county, having been made by Wm. L. Rodgers, deputy clerk of said county court, that one M. G. Sprinkle, hawker and peddler, has been guilty of hawking and peddling without a license in this county. These are, therefore, to command you, to take the body of the said M. G. Sprinkle, and him safely beep, so that you have him before me or some other justice of the peace, then and there to answer the State of Tennessee of a plea for hawking and peddling without license, as is required by law, an amount within the' jurisdiction of a justice, and to coverall cost and damages for selling without said license.”
This case was brought to trial before the justice, who gave judgment against the defendant for the sum of thirty-seven dollars and fifty cents State tax, and nine dollars and thirty-seven and one-half cents county tax, and double the amount to State and county as penalty under the statute.
The defendant appealed to the Circuit Court, where the Judge quashed the warrant and all proceedings thereon, and an appeal on the part of the State is thereupon taken to this court.
It is now contended, that the judgment of the Circuit Court should be affirmed, because,
1st. The warrant is vague and uncertain, and does not give information of the nature of the charge sufficient to put the defendant upon his trial thereon. We do not think so. The warrant is drawn with sufficient certainty for instruments of this character; the offence is charged to be “hawking and peddling without a license as is required by law.” What more could the defendant require to inform him of what he was charged, and what he had to defend?
2d. It is contended, that the statute under which this suit is commenced and prosecuted has been repealed, and that, there *38 fore, there was no error in quashing the proceedings before the justice.
The act under which this warrant was issued, was passed, January 17th, 1838, ch. 167, and provides, “That each and every hawker and peddler, who by law are required to pay a tax, if they should fail or refuse to pay the State or county taxes in any county in this State, then and in that case, it shall and may be lawful for the Clerk of the County Court, and it is hereby made his duty to apply to the Clerk of the Circuit Court, or to a justice of the peace, as the case may be, for a capias ad respondendum, or a bail warrant against any such person or persons failing or refusing to pay the taxes as aforesaid; and it shall be the duty of the clerk or justice, to whom such application is made, to issue to the Clerk of the County Court a capias ad respondendum, or bail warrant, without any affidavit, as now required by law, to authorize the issuance of such process. And any such person or persons upon the facts appearing before any jurisdiction having cognizance thereof, that such person or persons had hawked and peddled without paying the tax required by law, he or they shall forfeit and pay double the amount of such tax.”
By a reference to the 4th section of the act of 1835, ch. 13, it will be found, that the tax assessed upon hawkers and peddlers is twenty-five dollars on every wagon or vehicle employed in the transportation or conveyance of goods, wares and merchandize, or by them employed in hawking and peddling-in each and every county. This is the State tax.
An act passed, February 2d, 1846, ch. 161, provides, “That each and every person who shall vend and retail goods, wares and merchandize, groceries and other commodities, for the sale of which a license is required by law, without first having obtained a license therefor, shall forfeit and pay to the State of Tennessee the sum of five hundred dollars, to be recovered by action of debt in the Circuit Court.” This statute itis contended, repeals the statute of 1838, ch. 167. We do not think so. The statute of 1S38, was made solely for hawkers, and peddlers, and showmen; that of 1846, for venders and retailer-s of goods, wares and merchandize; a hawker and peddler is not a *39 vender and retailer; they constitute two different classes of traders, the one stationary, the other migratory: the two statutes, then, being upon different subjects, may well stand together.
We, therefore, think the Circuit Judge erred in quashing the proceedings from before the justice, and remand the case for a trial upon its merits.